UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
BRANDON LISI,

      Petitioner,

      – against –

THE PEOPLE OF THE STATE OF NEW YORK
AND SUFFOLK COUNTY,

      Respondent.
----------------------------------X

ORDER
18-CV-6375 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 25 2019 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Brandon Lisi filed a "status report" on January 9, 2019, requesting an extension of time to file a reply to the district attorney's response to his petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, as well as requesting appointment of *pro bono* counsel. (Pet. Status Report, ECF No. 6). Respondent filed a letter opposing the extension request, asserting that because petitioner is in federal custody for federal convictions, he is ineligible for *habeas* relief under 28 U.S.C. § 2254, and both petitioner's extension request and petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 should be denied. For the reasons that follow, the Court grants petitioner's request for an extension of time to file a reply and denies petitioner's request for appointment of *pro bono* counsel.

In petitioner's status report letter, he asserts that, pursuant to *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), he is eligible for *habeas* relief under 28 U.S.C. § 2254, he is currently serving a federal sentence that was enhanced by an unconstitutional prior state conviction, though he is no longer in custody on the state conviction. (Pet. Status Report, at 2.) Respondent has not fully briefed this argument, nor does its conclusory dismissal of this argument

suffice to fully respond to petitioner's claims. Therefore, respondent's request that the Court deny the petition is denied at this juncture, and petitioner's request for an extension of time to reply is granted.

However, the Court denies petitioner's request for the appointment of *pro bono* counsel. Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be "guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). As the Second Circuit has stated:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. See *Brooks v. State of New York*, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation because plaintiff has not satisfied the threshold requirement of *Hodge*, 802 F.2d at 61. Moreover, even apart from the threshold requirement, the Court is unable, at this juncture, to conclude—after considering the *Hodge* factors in the context of plaintiff's application and the petition filed in this case-that the appointment of counsel is

warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able at this stage of the litigation to represent his interests in this case.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at a later stage of these proceedings, if circumstances warrant such an application. This denial also is without prejudice to plaintiff hiring his own counsel to represent him in this matter.

IT IS HEREBY ORDERED that petitioner's request for an extension to file a reply in support of his petition is granted. Petitioner shall file a reply on or before March 15, 2019. Respondent shall file a sur-reply addressing the *Lackawanna* case as it relates to the "in custody" requirement and shall also address the merits of petitioner's claims. IT IS FURTHER ORDERED that petitioner's request for counsel to be appointed is denied.

SO ORDERED.

*/s/ Joseph F. Bianco*

Joseph F. Bianco
United States District Judge

Dated: February 21, 2019
Central Islip, New York